# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TRICIA ANN HORNER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 4823 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Tricia Ann Horner brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration Commissioner's decision denying her application for benefits. For the reasons set forth below, the Court affirms the Commissioner's decision.

## Background

Plaintiff applied for benefits on January 5, 2015, alleging a disability onset date of September 30, 2014. (R. 133-36.) Her application was initially denied on May 20, 2015, and again on reconsideration on September 8, 2015. (R. 133, 165.) Plaintiff requested a hearing, which was held by an Administrative Law Judge ("ALJ") on January 9, 2017. (R. 70-106.) On January 30, 2017, the ALJ issued a decision finding plaintiff not disabled. (R. 49-63.) The Appeals Council declined to review the decision (R. 1-3), leaving the ALJ's decision as the final decision of the Commissioner, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged disability onset date, September 30, 2014. (R. 51.) At step two, the ALJ determined that plaintiff has the severe impairments of "degenerative disc disease of the cervical and lumbar spine; an affective disorder/bipolar disorder; anxiety disorder/PTSD[;] history of gastric bypass; history of bowel obstruction surgery; history of IVC filter placement; history of deep venous thrombosis; opioid abuse; and history of right meniscus removal." (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. (R. 52.) At step four, the ALJ found that plaintiff cannot perform her past relevant work (R. 61), but has the residual functional capacity ("RFC") to perform light work with certain restrictions. (R. 54.) At step five, the ALJ determined that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus she is not disabled. (R. 62.)

Plaintiff first argues that the ALJ erred by failing to address her post-hearing objections to the vocational expert's ("VE's") testimony as directed by the agency's internal guidelines known as HALLEX. The Seventh Circuit has yet to decide whether an ALJ's failure to follow HALLEX is reversible error, and the appellate courts that have directly addressed the issue have reached different results. *See Moore v. Apfel*, 216 F.3d 864, 869 (9th Cir. 2000) ("As HALLEX does not have the force and effect of law, it is not binding on the Commissioner and we will not review allegations of noncompliance with the manual."); *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000) ("While HALLEX does not carry the authority of law, this court has held that where the rights of individuals are affected, an agency must follow its own procedures" and if "prejudice results from a violation, the result cannot stand") (quotations omitted). The Court

need not decide whether a violation of HALLEX is reversible error, however, because the ALJ did not violate it.

The HALLEX provision on which plaintiff relies addresses objections to VE testimony made during the administrative hearing. *See Hearings, Appeals, and Litigation Law Manual* ("HALLEX") § I-2-6-74(B), *available at* https://www.ssa.gov/OP_Home/hallex/I-02/I-2-6-74.html (last visited Mar. 20, 2018). It states: "At the hearing . . . . , the ALJ must (on the record): . . . [r]ule on any objection(s). The ALJ may address the objection(s) on the record during the hearing, in narrative form as a separate exhibit, or in the body of his or her decision." *Id.*; *see* HALLEX § I-2-5-30(B), *available at* https://www.ssa.gov/OP_Home/hallex/I-02/I-2-5-30.html (last visited Mar. 20, 2018) ("The ALJ will respond to any objections [to expert testimony at the hearing], either in writing or on the record at the hearing."). Because HALLEX does not compel an ALJ to rule on objections to VE testimony posed *after* a hearing has ended, the ALJ's failure to do so in this case was not erroneous. *Cf. Donahue v. Barnhart*, 279 F.3d 441, 447 (7th Cir. 2002) ("Raising a discrepancy [between a VE's testimony and the Dictionary of Occupational Titles] only after the hearing, as Donahue's lawyer did, is too late. An ALJ is not obligated to reopen the record.").[1]

Plaintiff also contends that the ALJ improperly assessed the medical opinion evidence. The record contains two identical opinions, one from plaintiff's therapist, Dr. Parnell, and one from plaintiff's psychiatrist, Dr. Nagarakathi. (*See* R. 1010-12, 1154-56.) The ALJ evaluated

---

[1] Plaintiff's post-hearing objection, that the VE should have relied on O*NET rather than the DOT, would have been unsuccessful in any event because the regulations explicitly identify the DOT as a reliable source of job information. *See* 20 C.F.R. § 404.1566(d)(1); SSR 00-04p, *available at* https://www.ssa.gov/OP_Home/rulings/di/02/SSR2000-04-di-02.html. Plaintiff appears to acknowledge this factual point (that the DOT "is one of the administratively noticed sources of vocational information") but disputes whether the DOT is "up-to-date and reliable." (Pl.'s Mem. Supp. Mot. Summ. J., ECF 16 at 8 n.4.) Plaintiff argues that "common sense" should prevail over the explicit regulatory language and the agency's continued reliance on the DOT. Plaintiff cites to no legal authority for the wholesale abandonment of the DOT, and we are not willing to rely on "common sense" as legal support for plaintiff's position.

the opinion as if it had been rendered solely by Dr. Parnell, who, unlike Dr. Nagarakathi, is not an "acceptable medical source":

> No controlling or great weight is given to the medical source statement of Dr. Parnell. It is inconsistent with other record opinions for example the state agency. There was a lack of medical evidence or objective findings of record supporting his assessment. Also, Dr. Parnell is not an acceptable medical source as he has a doctorate in education. The representative argues that the opinion is consistent with suicidal ideation. Moreover, it appears that her issues are related more to family problems. Mental status examinations have been generally normal. Her hospitalizations also have been related more to issues and situations involving her family.

(R. 60) (citations omitted); *see* 20 C.F.R. § 404.1502(a) (defining "acceptable medical source"); SSR 06-03p, 2006 WL 2329939, at *2 (Aug. 9, 2006) (stating that medical sources who are not "acceptable medical sources" include therapists). Had the ALJ recognized that the opinion had also been submitted by a treating acceptable medical source, her analysis would have been guided by 20 C.F.R. § 404.1527(c)(2). *See id.* (stating that an ALJ must give a treating source's opinion controlling weight if "it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record" and must evaluate all acceptable medical source statements by considering the length, nature, and extent of the treatment relationship, frequency of examination, the source's specialty, and the consistency and supportability of the opinion.).

The Commissioner contends that the ALJ's error was harmless because her reasons for rejecting Dr. Parnell's opinion apply equally to Dr. Nagarakathi's opinion. The Court agrees. First, the opinion consists only of a series of check marks on a form without any accompanying explanation or citation to supporting records. (*See* R. 1154-56.) Second, it is not clear how often Dr. Nagarakathi examined plaintiff, given the limited number of his treatment notes in the record. (*See* R. 806-07.) Third, Dr. Nagarakathi's sparse records describe plaintiff as having

normal psychomotor activity, no thought disorder, and appropriate affect, hygiene, and grooming (*id.*), observations which do not support the extreme limitations in social functioning, concentration, persistence and pace and decompensation he notes in his opinion. (*See* R. 1154-56.) Fourth, as the ALJ noted, the limitations set by Dr. Nagarakathi are inconsistent with those noted by the state agency reviewers. (*See* R. 142-46, 156-61.) Given the lack of explanation and evidentiary support for Dr. Nagarakathi's opinion, the simple fact that he is an acceptable medical source would not have changed the result in this case.

## Conclusion

For the reasons set forth above, the Court denies plaintiff's motion for summary judgment [15], grants the Commissioner's motion for summary judgment [23], affirms the Commissioner's decision, and terminates this case.

**SO ORDERED.**            **ENTERED:   March 20, 2018**

_____
**M. David Weisman**
**United States Magistrate Judge**